# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY F. WORTHINGTON, JR. | : | CIVIL ACTION |
| v. | : | |
| COUNTY OF NORTHAMPTON, *et al.* | : | NO. 13-6292 |

## MEMORANDUM OPINION

Savage, J.                                                                                                                                            November 18, 2013

In this *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983, the plaintiff, Henry F. Worthington, Jr., alleges that he suffered physical injuries as a result of a motor vehicle collision in Alabama while being transported from a Florida prison to Northampton County Prison. He contends that the lack of seat belts in the van caused him to be "thrown from one end of [the] van to the other." He has named as defendants County of Northampton, Easton PA; Northampton County District Attorney's Office; Holly Pulsinelli; and John Morganelli. Worthington claims that the defendants are liable because they hired the transporting company and failed to address his medical concerns.

Worthington filed a motion to proceed *in forma pauperis*. As it appears he is unable pay the cost of commencing this action, leave to proceed *in forma pauperis* will be granted. However, we shall dismiss his complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

To state a cause of action under § 1983, Worthington must allege facts, which if proven, would establish that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the persons depriving him of that right acted under

color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). In his complaint, Worthington does not state that the defendants violated his constitutional rights or any rights established by federal laws. Rather, he asserts a claim for personal injuries arising from the van driver's negligence.

Neither the Constitution nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees or agents. Such claims are cognizable under state tort law, not § 1983. In other words, negligent conduct by a person acting under color of state law that causes unintended injury to an inmate does not amount to a constitutional violation, giving rise to a claim brought pursuant to § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) (noting that the Due Process clause would be "trivialized" if it were extended to cover injuries caused by the negligent action of state officials); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

The Third Circuit has not specifically dealt with the issue of seatbelts in state or municipal vehicles. However, two other courts of appeals have held that a municipality's decision not to provide prisoners with seatbelts does not violate prisoners' federal rights. In *Spencer v. Knapheide Truck Equip. Co.*, the Eighth Circuit held that a municipality's "decision to use patrol wagons without seatbelts" was lawful because it was based on the legitimate penological concern that detained "individuals transported in the wagon, even those who were handcuffed, could use the seatbelt as a weapon to harm an officer, other passengers being transported in the wagon, or even themselves." 183 F.3d 902, 907 (8th Cir. 1999). In *Dexter v. Ford Motor Co.*, the Tenth Circuit noted

that "a failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension" because the "eventuality of an accident is not hastened or avoided by whether an inmate is seatbelted." 92 Fed. App'x 637, 641 (10th Cir. 2004) (unpublished opinion); *see also Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996) (holding deaths and injuries resulting from a state employee's lack of due care do not implicate the Constitution); *Otero v. Catalogne*, No. 02-CV-282, 2010 WL 3883444, at *8-11 (W.D. Pa. Sept. 28, 2010) ("[T]he alleged failure of Defendants . . . to provide safety belts and properly welded steel cages is more indicative of a lack of care or foresight, rather than a 'conscious disregard of a substantial risk of harm' . . . [t]hus, absent any allegation showing that the driver was consciously made aware that he was creating a substantial risk of serious harm, yet chose to ignore the risk, a claim of deliberate indifference cannot stand."); *Bryant v. Downs*, No. 09-CV-1670, 2010 WL 2593564, at *6 (M.D. Fla. June 28, 2010) (dismissing Eighth Amendment claim, where inmate was transported in a van with no seat belts and transport drivers drove recklessly by continually slamming on the brakes or taking turns too quickly, causing inmate to suffer shoulder and finger injuries); *Grigsby v. Cotton*, No. 08-CV-214, 2009 WL 890543, at *1 (S.D. Ga. Mar. 31, 2009) (dismissing Eighth Amendment claim, where inmate was transported in a bus that was not equipped with seat belts, and driver exceeded speed limit and collided with a truck stopped at a red light, causing inmate lower-back and neck injuries); *Seelye v. Fisher*, No. 06-CV-2848, 2007 WL 951604, at *16 (D. Minn. Mar. 29, 2007) (dismissing Eighth Amendment claim where plaintiff was handcuffed, waist-chained and leg-ironed and was not placed in a seat belt during transportation and where driver's "reckless"

driving aggravated his pre-existing back and neck injuries); *Jones v. Collins*, No. 05-CV-663, 2006 WL 1528882, at *2 (S.D. Ill. June 1, 2006) (dismissing complaint under § 1915(a) where officer backed into an oncoming vehicle and plaintiff, who was not seat-belted, sustained injuries).

Although Worthington had no federally secured right arising out of the accident itself, he had a constitutional right to proper medical treatment for any serious injuries he may have sustained during the accident. Failure to provide medical treatment to a prisoner violates the Eighth Amendment if it results from "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To state a claim, Worthington must plead facts that, if proven, would establish two elements: (1) he had a serious medical need; and (2) the defendants were deliberately indifferent to that need. *Spruill v. Gillis*, 372 F.3d 218, 235-36 (3d Cir. 2004) (quoting *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)).

A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Lanzaro*, 834 F.2d at 347 (internal citation omitted). An official is deliberately indifferent if he disregards a known excessive risk to the inmate's health and safety. Not only must the official be aware of facts from which an inference can be drawn that the inmate is exposed to a substantial risk of serious harm, he must draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

According to Worthington's own allegations, he received medical treatment at the North Baldwin Infirmary in Alabama. Compl. at 3 ("Medical treatment was a quick

physical exam with exrays . . . ."). While he contends that the "injuries and pain still exist," Compl. at 3, he does not allege that he made complaints to any of the prison officials or sought treatment from prison health care providers upon his arrival at Northampton.[1] Accordingly, his deliberate indifference to medical treatment claim must be dismissed.

## Conclusion

We conclude that Worthington's complaint fails to state a claim pursuant to § 1983 upon which relief may be granted. Accordingly, the claims asserted in that Complaint are dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and § 1915(e)(2).[2]

---

[1] Worthington contends that he called the District Attorney's Office to "get someone there to address [his] medical concerns." Compl. at 5. However, the District Attorney's Office did not have Worthington in its custody. Its employees are not prison officials and it was not their decision to deny Worthington medical treatment.

[2] Worthington is not precluded from filing a negligence action in the appropriate state court.