IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Henry F. Worthington Jr.                    CIVIL ACTION
        PLAINTIFF          FILED JURY TRIAL DEMAND

                        SEP 05 2014

        V.
                        MICHAEL E. KUNZ, Clerk
                        By_____Dep. Clerk
NORTHAMPTON COUNTY, Et al.          Summons/Complaint
NORTHAMPTON COUNTY PRISON, et al;     AMENDED
PRIME CARE MEDICAL EMPLOYEES, ETAL    No: 13-6292
IN INDIVIDUAL AND OFFICIAL Capacity

PLAINTIFF'S SECOND
AMENDED COMPLAINT

        Now Comes Plaintiff And forwards This Amended
Complaint AS ordered Ordered BY The US. District Court,
EASTERN DISTRICT OF PENNSYLVANIA On or After May
28, 2014 BY WAY of Teleconference and presents the
following in support thereof.

        1. On January 21, 2014 The Honorable Timothy
Savaged Ordered Plaintiff to file an amended Complaint
no later than February 21, 2014.

        2. On February 17, 2014 Plaintiff filed with the U.S.
District court an amended Complaint, Withdrawing
Some defendants and adding PRIME CARE MEDICAL as
a Defendant. Plaintiff Served Prime Care Medical
at the Northampton county prison, as Petitioner only
had that address for defendant.

PROVIDED TO FRANKLIN CI
FOR MAILING ON

8/28/14

INMATE INITIALS

3. Defendants had Complaint in their possession on February 25, 2014.

4. AT Teleconference In May 2014 This Court ordered Plantiff to amend Complaint and have it Served on/In This Court and on defendants no later than September 01 2014.

5. On August 26, 2014 Plaintiff received Information (enclosed) that Prime Care medical did receive the Complaint on February 25, 2014 at the Northampton County Prison, and an employee faxed it on that date to Sandra Ulerick, CCAP, at Prime Care headquarters.

Wherefore this Plaintiff Avers that he has served the newly added Defendants and has enclosed Within the Original Amended Complaint along with Proof that defendant was served.

Plaintiff Respectfully requests this Honorable Court to direct the Prothonotary to issue and Certify/seal the Enclosed Summons for prime care medical, c/o Johnson, Duffie, Stewart and Wedder, P.C., 301 Market Street Lemoyne, PA 17043-0109 and return it to Plaintiff So that Plaintiff Can serve it on defendants.

Respectfully Submitted,

Henry Washington JR.
Pro se Plaintiff.

August 26, 2014

<u>Proof of Service</u>

**FILED**

SEP 05 2014

MICHAEL E. KUNZ, Clerk
By s. Gerwig Dep. Clerk

And Now Comes The Plaintiff and Avers that hereby Serving
an original and copy of The Amended Complaint on the below
Listed by U.S. Mail first Class by delivering it to the Mail
room personell at The Franklin ~~ess~~ Correctional facility for
mailing on the below listed date.

1 original to:

Prothonotary
US District Court
Civil Division
601 Market Street
Philadelphia PA 19106-1797

Copy to:

Prime Care Medical
c/o Mr. John R. Ninosky
Attorney At Law
301 Market St.
P.O. Box 109
Lemoyne, PA 17043-0109

Copy to:

Mr. Gerard Geiger
Attorney At Law
Newman / Williams
P.O. Box 511
712 Monroe Street
Stroudsburg, PA 18360-0511

August 28, 2014

By _____

Henry Wrathington Jr.
FCI B11385
1760 Hwy 67 N
Carrabelle, Fla. 32322

TRANSMISSION VERIFICATION REPORT

TIME    :  02/25/2014 01:30
NAME    :
FAX     :  6109234398
TEL     :  6109234395
SER.# :  000E1N853425

DATE,TIME          02/25  01:27
FAX NO./NAME       917176511857
DURATION           00:03:16
PAGE(S)            13
RESULT             OK
MODE               STANDARD
                   ECM

Northampton County Prison
666 Walnut Street
Easton, PA  18042
Phone:  (610) 923-4395
          (610) 923-4398 Fax



PrimeCare Medical, Inc. ✚

The Choice for Quality Contract Services

# Fax

TO: ____S. Ulrich_____   FROM: __Debbi_____

DEPT/COMPANY: _____   DEPT: _____

FAX: __717 - 651 - 1857__   PAGES: ____13____

RE: __Worthington, Henry__   DATE: __2-25-14__

Urgent _____   For Review _____   Please Reply _____   Please Process _____

COMMENTS:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HENRY F. WORTHINGTON JR.
PLAINTIF

V.

NORTHAMPTON COUNTY, et al,
NORTHAMPTON COUNTY PRISON, et al
PRIME CARE MEDICAL, et al
In Individual and Official capacity

CIVIL ACTION
JURY TRIAL DEMAND

SUMMONS
NO. 13-6292

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to serve upon the Plaintiff, whose address is 1760 HWY 67 N. Carrabelle Fl. 32322 an answer to The Complaint which is Herewith served upon you, within 20 days after service of this complaint upon you, exclusive of the day of service, or 60 days if the U.S. Government, or officer/agent thereof is a defendant. If you fail to do so, Judgement by default will be taken against you for the relief demanded in the Complaint.

Clerk of Court

Date :-

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HENRY F. WORTHINGTON JR.
PLAINTIFF

V.

NORTHAMPTON COUNTY, et al
NORTHAMPTON COUNTY PRISON, et al
PRIME CARE MEDICAL, et al
In individual and official Capacity

CIVIL ACTION
JURY TRIAL DEMAND

S NO 13-6292

MOTION FOR APPOINTMENT
OF COUNSEL

Pursuant to 28 U.S.C. § 1915 (e)(1) Plaintiff Moves for an order appointing Counsel to represent him in this Case. In Support of this Motion Plaintiff States:

1. Plaintiff is unable to afford counsel. Plaintiff has been granted leave to Proceed Informa pauperis.

2. Plaintiffs imprisonment will greatly limit his ability to litigate. The issues involved In this case are Complex, and will require quite Significant research and Investigation. Plaintiff has limited access to the law library and limited knowledge of the law.

3. Plaintiff is unable to be present at any depositions that may be required, a trial in this case will likely involve Conflicting testimony, and Counsel would better enable Plaintiff to present any evidence and Cross examine witnesses.

4. Plaintiff has previously Motioned this court for counsel, but Motion was denied due to having initial complaint dismissed. This Honorable court has granted Plaintiffs Motion to Amend His complaint and Furthermore is now in need of Counsel to see that His Constitution Rights Presented throughout the Amended complaint are asserted Properly and Protected.

5. Plaintiff states that that he meets and qualifies for counsel Pursuant to Montgomery V. Pinchak 294 F.3d 492, 499 (3rd Cir. 2002)

Wherefore, Plaintiff respectfully request this Honorable court to appoint counsel to represent Plaintiff

Respectfully Submitted,

Henry S. Worthington Jr.
Pro se Plaintiff
DATE: February 17, 2014

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HENRY F. WORTHINGTON JR.                    CIVIL ACTION
        PLAINTIFF                      JURY TRIAL DEMAND
        V.
NORTHAMPTON COUNTY, et al         PLAINTIFF'S FIRST REQUEST
NORTHAMPTON COUNTY PRISON, et al   FOR PRODUCTION OF
Prime CARE MEDICAL ET AL           DOCUMENTS
In Individual and official Capacity
                                   NO. 13-6292

Pursuant to Rule 34 of the Federal Rules of Civil Procedure,
Plaintiff request that Defendants Produce for inspection Copys of
the following documents.

1. From Northampton County Clerk of Courts:
   a. The Motion and order presented to the Honorable court
To transfer plaintiff back to The Florida Department of Corrections.

2. From Northampton County Prison:
   a. Copys of Complaints within past 5 years against Prime Care
Medical and responses/resolutions to such.

3. From Prime Care Medical at Northampton County prison:
   a. Copys of documentation of all employees of Prime Care
Medical employed at Northampton County prison by Prime Care
Medical During the period From March 13, 2013 to October 81,
2013, to include names, Positions, licensing and proffessional
eligibility to be employed by Prime Care medical.

   b. A complete copy of Plaintiffs full medical chart/file
for the periods covering March 13, 2013 to February October
31, 2013 Detailing all treatment provided to Plaintiff and By

whom it was that Provided said treatment.

Henry Worthington Jr.

DAte: February 17/2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HENRY F. WORTHINGTON JR.

v.

North AMPTon County Et AL,
NORTHAMPTON COUNTY PRISON,
PRIME CARE MEDICAL Et AL
IN INDIVIDUAL AND official CAPACITY.

CIVIL ACTION
JURY TRIAL DEMAND

NO. 13-6292

PETITIONER'S AMENDED
COMPLAINT

## I, JURISDICTION AND VENUE

1. This is a civil Action authorized by 42 U.S.C. § 1983 to Redress the deprivation, under Color of State law, of rights Secured by the Constitution of The united States. The Court has Jurisdiction under 28 U.S.C. § 1331 and 1443(a)(3), and Pursuant to This Courts order dated January 21, 2014, Filed January 21, 2014 and Entered By The Clerk of Courts January 23, 2014.

2. THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA is the appropriate Venue Under 28 USC § 1391(b)(2) because it is Where The Events giving Rise to this Claim occurred.

## II Plaintiff

3. Plaintiff, Henry F. Worthington Sr. was at the the time the original Complaint Was Filed Was a prisoner in the Custody of The Northampton County Prison, City of Easton, State of Pennsylvania. Now Plaintiff is IN The Custody of The STATE OF Florida, Department of Corrections.

## III. DEFENDANTS

4. Defendants were previously named as; County of Northampton, Office of the District Attorney, Holly Pulsinelli, Clerical TECH III, and John Morganelli, Chief District Attorney, Northampton County. Defendants are now amended to remove The Northampton County District attorneys office, Holly Pulsinelli and John Morganelli. This complaint is amended in part to have remain The County of Northampton and to add the following Defendants: A. Northampton County prison, et al and Prime care medical, et al and all employees of Prime care medical on staff at time plaintiff was incarcerated at Northampton County prison. Defendants are sued in their individual and official capacity.

## IV. FACTS

5. Plaintiff filed an Interstate agreement on detainers act to the court of Common Pleas of Northampton County in January 2013 to be brought before the said court from the State of Florida.

6. On March 10, 2013 Plaintiff was extradited from the Florida State Prison by U.S. Prisoner Transport, AKA Brevard Extraditions of Melbourne Florida.

7. On March 10 2013, approximately 2:10 pm U.S. Prisoner Transport was involved in a collision on interstate 65 Rural Baldwin Alabama, Baldwin County, in which Plaintiff sustained injuries to neck, back, lower back, hips, knees, left wrist and constant ringing in ears, and pain in front and back rib cage.

8. Plaintiff was delivered to the Northampton County Prison on March 13, 2013 still in Considerable Pain from the above injuries. Plaintiff was given a brief Medical screening upon entry at which time Plaintiff gave full details of accident and bodily injuries and Current levels of Pain, Plaintiff was told that he would be placed on the Medical call out for further Attention. Plaintiff waited a few days with no treatment, and filed a medical Sick call Slip to have his complaints addressed.

9. Plaintiff was finally Seen by a nurse and Physicians assistant (not provided with names) and was only prescribed naprosin for pain. After further Complaining, Plaintiff was Seen by the head of Medical ( Amelia ) ( no Last name provided ) and her response was that "all persons of my age will experience pain and it is a part of growing old".

10. Plaintiff requested to be Seen by specialist and/or a Licensed Doctor to address the Constant Continued pain and was once again Seen by Amelia and was told that I had to file complaint and Sue the County and District attorneys office because they were the ones that hired the transport Company.

11. Plaintiff's Pain had/has not been relieved by the represent Provided. Plaintiff Continued to forward medical requests to Prime care Medical for proper treatment from March 13, 2013 until October 30 2013, at which time Plaintiff was returned to the State of Florida Department of Corrections.

V.   Exhaustion of Legal Remedies

12. Plaintiff was told by Prime care Medical employees that he cannot file any greivences against Prime care Medical because they did not cause his injuries, but needs to sue Northampton County. Once Plaintiff was returned to the State of Florida and recieved this courts opinion of November 18, 2013, & Plaintiff sent letter of request to Prime Care Medical for a formal greivence. Plaintiff recieved form and filed it to Prime care Medical but has not had any response to date.

VI   Legal Claims

13. Plaintiff ~~reallege~~ reallege and incorporate by reference Paragraphs 1 - 12.

14. The defendants Actions were actions under color of State law and Can be sued under the Color of State law Doctrin and are sued Here under the Color of State law doctrin. See Monroe V. Pape 365 U.S. 167 (1961); Expanded in Monell V New York City Department of Social Services 436 U.S. 658 (1978); West V. Atkins 487 U.S. 42 (1988).

15. Plaintiff alleges and sues defendants for Violation of Plaintiffs Eighth amendment Right to medical care. The united States Supreme court Stated "an inmate Must rely on Prison authorities to treat his medical needs; if the authorities fail to do so those needs will not be met" Estelle V. Gamble 429 US 97, 103 (1976)

16. Defendants Showed deliberate indifference to my seriouse medical needs. Defendants (1) Knew about my serious medical needs and (2) failed to respond reasonably to them. (Estelle V. Gamble). The court has described a serious medical need as one that has been diagnosed by a physician

as mandatory treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctors attention. Hill v. Dekalb Reg'l Health Youth Det. Cent. 40 F.3d 1176, 1178 (8th cir 1994) Deliberate Indifference Has been found when a prison Doctor fails to respond appropriately or does not respond at all to your serious medical needs. Spruill v. Gillis 372 F.3d 218 (3rd cir. 2004).

17. Courts have agreed that a prisoner can show a serious medical need if the failure to treat a prisoners condition could result in further significant injury or the Unnecessary and wanton infliction of pain. Estelle 429 U.S. 104

18. Prime care medical employees directed plaintiff not to file Greivance against Prime care medical. Plaintiff could not exhaust Legal remedies because he was transferred Back to Florida Department of Corrections and has no access to Administrative Policy or Greivance System of Northampton County Prison and/or Prime care medical. Prisoners do not need to show that they have exhausted Greivance Process. Jones v. Bock 549 U.S. 199 (2007) Prime care medical has treated Plaintiff different then other prisoners by denying medical care and precluding plaintiff from filing greivance. Prisoners cannot be treated differently. Doe v. Sparks 73 F. Supp. 227 (w. D. PA 1990)

19. The above actions by Prime care medical have violated Plaintiffs Eighth amendment Right to medical care, and if if Proven, Plaintiff has asserted a Claim upon which relief can and will be granted.

20. Plaintiff has no Plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless the Court Grants the relief Plaintiff seeks.

# VII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this court enter judgement as follows:

21. Granting Plaintiff a declaration that the acts and omissions described herein violate his Constitutional rights and the laws of the united States.

22. Granting Plaintiff Compensatory damages for Pain and Suffering in an amount in excess of $ 250,000 against each defendant, Jointly and Severally.

23. Punitive damages in an amount in excess of $ 250,000 against each defendant Jointly and severally.

24 Plaintiff also seeks Jury trial on all issues triable.

25. Plaintiff seeks recovery of all cost to Plaintiff.


February 17, 2014

Respectfully submitted

Henry Worthington dr.
FCI # 1311385
1760 HWY 67 N.
Carrabelle Fl. 32322

PROVIDED TO FRANKLIN C.
FOR MAILING ON

HENRY F. WORTHINGTON, JR.
INMATE INITIALS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

HENRY F. WORTHINGTON, JR.   :   **CIVIL ACTION**

v.

COUNTY OF NORTHAMPTON, *et al.*  :  **NO. 13-6292**   FILED JAN 2 3 2014

## O R D E R

AND NOW, this 21st day of January, 2014, upon consideration of the Motion to Alter or Amend the Judgment Pursuant to F.R. Civ. Proc. 59(e) (Document No. 11), which shall be treated as a motion for reconsideration, it is ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that the plaintiff is granted leave to file an amended complaint no later than **February 21, 2014.**

TIMOTHY J. SAVAGE, J.

ENTERED

JAN 23 2014

CLERK OF COURT