IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY F. WORTHINGTON, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13-6292 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF NORTHAMPTON, | : | |
| NORTHAMPTON COUNTY PRISON, | : | |
| and PRIME CARE MEDICAL | : | |
| EMPLOYEES, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                                                         March 24, 2015

      The *pro se* plaintiff brings this 42 U.S.C. § 1983 action seeking declaratory and compensatory relief against the defendants claiming that they violated his constitutional rights when he was injured in a motor vehicle accident in Alabama on March 10, 2013, while being transported as an inmate from Florida State Prison to Northampton County Prison. The claim is brought *in forma pauperis* pursuant to 28 U.S.C. § 1915. The County of Northampton moves to dismiss the second amended complaint because the plaintiff has not properly stated a *Monell* claim against it, and has not properly alleged a constitutional violation. The Northampton County Prison moves to dismiss the second amended complaint because it is not a "person" subject to suit under § 1983. The court agrees with the defendants and dismisses the complaint against them. Additionally, the court also dismisses Prime Care Medical and Prime Care Medical Employees under 28 U.S.C. § 1915(e) because the plaintiff has not alleged that he suffered a constitutional violation and because he has not properly stated a *Monell* claim against Prime Care.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

On October 28, 2013, the *pro se* plaintiff, Henry F. Worthington, Jr., commenced this action by filing an application for prisoners to proceed in district court without prepaying fees or costs (the "IFP application") and a complaint against the defendants, County of Northampton (the "County"); "Easton, PA;" Office of the District Attorney, Northampton County ("County DA Office"); Holly Pulsinelli ("Pulsinelli"); and John Morganelli, "Chief District Attorney, Northampton County" ("DA Morganelli").  Doc. No. 1.  Before the court had an opportunity to address the IFP application, all of the defendants except for "Easton, PA" moved to dismiss the complaint.  Doc. No. 3.  The Honorable Timothy J. Savage entered a memorandum opinion and order on November 18, 2013, in which he (1) granted the IFP application, (2) reviewed the complaint as permitted by 28 U.S.C. § 1915(e)(2), and (3) dismissed the complaint for failure to state a claim under section 1983 upon which relief may be granted.  *See* Mem. Op. at 1-5, Doc. No. 6; Order, Doc. No. 7.  On the same date, the clerk of court formally filed the complaint. Doc. No. 8.

The plaintiff filed a motion for the appointment of counsel on November 28, 2013.  Doc. No. 9.[1]  The plaintiff then filed a "Motion to Alter or Amend the Judgment Pursuant to F.R. CIV. PROC 59(e)" on December 6, 2013.  Doc. No. 11.  In this motion, the plaintiff essentially sought leave to file an amended complaint.  Mot. to Alter or Amend the J. Pursuant to F.R. CIV. PROC 59(e) at ¶¶ 4-5.  On January 21, 2014, Judge Savage entered orders in which he (1) denied the plaintiff's request for the appointment of counsel, and (2) granted the plaintiff leave to file an amended complaint no later than February 21, 2014.  Orders, Doc. Nos. 13, 14.

The plaintiff filed an amended complaint on February 24, 2014, in which he asserted claims against the County, Northampton County Prison (the "Prison") and Prime Care Medical

---

[1] The plaintiff also filed a motion for an extension of time to respond to the motion to dismiss.  Doc. No. 9.

("Prime Care"). Doc. No. 15. On that same date, the plaintiff filed another request for the appointment of counsel.[2] Doc. No. 16. Judge Savage again denied the motion for appointment of counsel on March 6, 2014. Doc. No. 18.

On March 11, 2014, the County, along with the formerly-named defendants, County DA Office, Pulsinelli, and DA Morganelli, filed a motion to dismiss. Doc. No. 19. On March 27, 2014, the plaintiff filed two documents: a request for an extension of time to respond to the motion to dismiss, and a "motion for entry of/or declaration for entry of default." Doc. Nos. 20, 21. The County, County DA Office, Pulsinelli, and DA Morganelli filed a response to the motion for entry of default on March 31, 2014. Doc. No. 22. On this same date, Judge Savage entered three orders in which he (1) required the clerk of court to remove the case from the closed docket and place it on the active docket, (2) granted the plaintiff's motion for an extension of time to respond to the motion to dismiss, and (3) denied the plaintiff's motion for entry of default. Doc. Nos. 23, 24, 25.

The plaintiff filed a petition seeking permission to appeal from Judge Savage's order denying his motion for the appointment of counsel on April 7, 2014. Doc. No. 26. On April 22, 2014, Chief Judge Petrese B. Tucker reassigned this case from Judge Savage to the undersigned. Doc. No. 27.

The County, County DA Office, Pulsinelli, and DA Morganelli filed a brief in opposition to the petition for permission to appeal on April 30, 2014. Doc. No. 28. The plaintiff then filed a second petition for enlargement of time to respond to the defendants' motion to dismiss. Doc. No. 29. The plaintiff filed a response to the defendants' brief opposing granting permission to appeal on May 1, 2014. Doc. No. 30.

---

[2] The plaintiff also filed a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure. Doc. No. 17.

On May 28, 2014, after an initial pretrial conference with the undersigned, the court entered an order (1) requiring the clerk of court to refer this case to the Prisoners' Civil Rights Panel for the Eastern District of Pennsylvania for the possible appointment of counsel, (2) providing that the plaintiff had until September 1, 2014, to either respond to the pending motion to dismiss or file a second amended complaint, and (3) dismissing "Easton, PA," County DA Office, Pulsinelli, and DA Morganelli as defendants because the plaintiff agreed to voluntarily dismiss them from the case.[3]  Order, Doc. No. 33.  The plaintiff appealed from this order on June 30, 2014.  Doc. No. 34.

The plaintiff filed a document titled "Plaintiff's Second Amended Complaint" on September 5, 2014.  Doc. No. 36.  This document does not in fact appear to be an actual second amended complaint; instead, the plaintiff has provided the court with a five-paragraph document containing averments about how he allegedly served the summons and amended complaint upon Prime Care.  Pl.'s Second Am. Compl. at 1-2.  He also attaches copies of what appears to be his February 24, 2014 motion for the appointment of counsel, his previous request for production of documents, his first amended complaint, and Judge Savage's January 21, 2014 order allowing him to file an amended complaint.  *Id.* at 6-16.  Additionally, the plaintiff made a change to the caption, replacing Prime Care with Prime Care Medical Employees ("Prime Care Employees").

As the plaintiff appears to have chosen to incorporate the entirety of the allegations in his amended complaint into his second amended complaint, the court will summarize those allegations here.[4]  The plaintiff alleges that on March 10, 2013, he boarded a United States

---

[3] As the plaintiff was incarcerated at the time of the conference, the court allowed him to participate by telephone.
[4] Because "[c]ourts are to construe complaints so as to do substantial justice," and "that *pro se* complaints in particular should be construed liberally," the court will accept the claims contained in the amended complaint as though they were set forth in the second amended complaint.  *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (internal quotation marks and citations omitted).

4

prisoner transport bus to deliver him from Florida State Prison to the Prison.[5] Second Amended Complaint, ("Second Am. Compl.") at 11-12. While passing through Alabama, the bus was involved in a collision, "in which plaintiff [sustained] injuries to [his] neck, [b]ack, [l]ower back, hips, knees, [l]eft wrist and constant ringin[g] in [his] ears, and pain in front and [b]ack [r]ib cage." *Id.* at 11. Upon his arrival at the Prison, despite being in "considerable pain," the plaintiff received a brief medical screening and someone told him that he would get "placed on the medical call out for further [a]ttention."[6] *Id.* at 12. After waiting a few days with no treatment, he filed a medical sick call slip to have his complaints addressed. *Id.* Eventually, a nurse and a physician's assistant visited with him and the physician's assistant provided him with Naprosyn for his pain. *Id.* After his additional complaints, the "head of [m]edical" visited with the plaintiff and told him that "all persons of [his] age will experience pain and it is a part of growing old." *Id.*

The plaintiff requested to have a specialist and/or a licensed doctor examine him, but instead the "head of medical" visited with him again. *Id.* The head of medical told him that he should sue the County and County DA Office because they were responsible for hiring the transport company. *Id.* The plaintiff claims the Naprosyn was ineffective and he continued to file medical requests to Prime Care for proper treatment from March 13, 2013, until October 30, 2013, when unidentified people returned him to the Florida Department of Corrections. *Id.*

Based on the aforementioned allegations, the plaintiff asserts a cause of action against the defendants under 42 U.S.C. § 1983. *Id.* at 13. The plaintiff alleges that the defendants acted

---

[5] As discussed below, the criminal docket sheet relating to the plaintiff's Pennsylvania criminal case reflects that at the time he was being transported to the Prison, he had not yet been arraigned on the Pennsylvania state charges. *Commonwealth of Pennsylvania v. Henry F. Worthington, Jr.*, No. CP-48-CR-1981-2013 (C.P. Northampton).
[6] Although omitted from his amended complaints, in his original complaint the plaintiff states that he received medical treatment in the form of a "quick physical exam with [x-rays]" at North Baldwin Infirmary in Bay Minette, Alabama. Compl. at 3.

under color of state law when they violated his Eighth Amendment right to medical care and were deliberately indifferent to his serious medical needs. *Id.* He seeks a declaration that his constitutional rights were violated, compensatory damages in excess of $250,000 against each defendant, jointly and severally, punitive damages in excess of $250,000 against each defendant, jointly and severally, and costs. *Id.* at 15.

On September 29, 2014, the County filed a motion to dismiss the second amended complaint for failure to state a claim. Doc. No. 38. The *pro se* litigation law clerk sent a letter dated October 6, 2014, to the plaintiff informing him that although his case had been "described" on the court's extranet site for a period of four months, no member of the volunteer attorney panel had accepted his case. Oct. 6, 2014 Letter, Doc. No. 39. The letter notified the plaintiff that he had to file a notice if he wanted to continue with the litigation even without an attorney representing him.[7] *Id.*

On October 8, 2014, the court stayed all proceedings for 30 days until the Third Circuit resolved the plaintiff's appeal. Order, Doc. No. 40. The plaintiff filed a notice on October 20, 2014, in which he indicated that he wanted to continue with the case and have his case remain on the extranet site for consideration by the volunteer attorney panel. Notice, Doc. No. 41. On November 13, 2014, the plaintiff filed a motion to continue the stay. Doc. No. 42. The court entered an order on December 2, 2014, staying the case until the Third Circuit resolved the plaintiff's appeal. Order, Doc. No. 44.

The Third Circuit entered an order dismissing the plaintiff's appeal for lack of appellate jurisdiction on December 11, 2014. Doc. No. 46. By order dated January 15, 2015, the court vacated the stay, provided the plaintiff with 30 days to respond to the County's pending motion

---

[7] The letter indicated that if the plaintiff submitted the notice indicating that he wanted to proceed, his case would continue to be listed on the extranet site. Oct. 6, 2014 Letter.

6

to dismiss, and ordered the United States Marshals Service to serve the summons and second amended complaint upon Prime Care. Order, Doc. No. 51. On January 26, 2015, the Prison filed a motion to dismiss the second amended complaint. Doc. No. 53.

The *pro se* litigation law clerk sent another letter dated February 2, 2015, to the plaintiff informing him that although his case had been described on the court's extranet site for a period of eight months, no member of the volunteer attorney panel had accepted his case. Feb. 2, 2015 Letter, Doc. No. 54. The letter once again notified the plaintiff that he had to file a notice if he wanted to continue with the litigation even without an attorney representing him. *Id.* The plaintiff filed a motion for continuance and clarification of status on February 18, 2015, stating that "counsel for defendants has confused plaintiff in that plaintiff has no idea which motion of defendant to answer." Doc. No. 55. By order dated February 19, 2015, the court extended the time for plaintiff to respond to the motions to dismiss filed by the County and the Prison until March 9, 2015.[8] Order, Doc. No. 57. The plaintiff filed a response on March 16, 2015. Doc. No. 59. As the plaintiff has responded to the motions to dismiss, the motions are ripe for disposition.

## II.   DISCUSSION

In its motion to dismiss, the County argues that the court should dismiss the second amended complaint insofar as the plaintiff has asserted claims against it and the Prison because (1) the Prison is not a legal entity that may be sued under section 1983; (2) the plaintiff has failed to properly plead a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) against the County; and (3) the plaintiff has failed to allege a constitutional violation based on his

---

[8] The plaintiff had filed another motion for entry of default on February 18, 2015. Doc. No. 56. The court denied the motion on February 19, 2015. Doc. No. 58.

disagreement with Prime Care's prescribing of Naprosyn.[9]  Br. in Supp. of Mot. to Dismiss Second Am. Compl. on Behalf of Def., Cnty. of Northampton, Pursuant to Fed. R. Civ. P. 12(b)(6) ("County's Br.") at 8-11, Doc. No. 38-2.  Although the County argued for dismissal of the claims against the Prison, the Prison separately moves to have the court dismiss any claims against it by similarly arguing that it is not a "person" subject to suit under section 1983.  Br. in Supp. of Mot. to Dismiss Second Am. Compl. on Behalf of Def., Northampton Cnty. Prison at 2.

In response to the County's arguments, the plaintiff indicates that because he is neither an attorney nor a doctor he cannot counter the defendants' legal research and citation to cases, or properly describe his injuries.  Pl.'s Answer to Defs.' Mot. to Dismiss Pl.'s Second Am. Compl. ("Pl.'s Response") at 10-11.  Instead of addressing the legal arguments, he asserts that he continues to suffer from the numerous injuries he sustained in March 2013, all of which the medical staff at Prime Care failed to treat.  *Id.* at 12.  He also renews his request for the appointment of counsel so that he will be "able to frame his complaint in such a way that will be legally sufficient for this court or any other reviewing court."  *Id.* at 13-14.

### A.     The Motions To Dismiss

#### 1.     Standard of Review – Rule 12(b)(6) Motions

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint."  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  As the moving party, "[t]he defendant bears the burden of showing that

---

[9] The County also argued that the court should dismiss the second amended complaint because the plaintiff's appeal was pending before the Third Circuit, and because he had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  County's Br. at 4.

no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation omitted). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In implementing the overarching plausibility standard, the court is required to conduct a three-part inquiry. First, the court must "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian*, 696 F.3d at 365 (citations omitted). Second, the court must identify allegations that are not "entitled to the assumption of truth" because they "are no more than conclusions." *Id.* (citations omitted). Thus, legal conclusions, whether in pure form or "couched as factual allegation[s]," and conclusory factual allegations are not entitled to be assumed true. *See Iqbal*, 556 U.S. at 678, 681 (quoting *Twombly*, 550 U.S. at 555); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012). Finally, the court must "look for well-pled factual allegations, assume their veracity, and then 'determine whether they

plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quotations omitted). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

The court generally limits this three-part inquiry to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). However, the court may also properly consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* (citations omitted).

In addition to the foregoing, with regard to *pro se* complaints, no matter how "inartfully pleaded, [*pro se* complaints] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). Despite this more liberal pleading standard, a *pro se* complaint must still contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 134 S. Ct. 1004 (2014), *reh'g denied*, 134 S. Ct. 1786 (2014).

### 2. Analysis

#### a. The Prison's Motion to Dismiss

As indicated above, the Prison moves to dismiss the plaintiff's claims against it because it is not a "person" under section 1983. Section 1983 provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in

10

> any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

The plaintiff cannot bring this section 1983 claim against the Prison because it is not a "person" for purposes of liability under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (concluding that an individual may not sue a state in federal court under section 1983 because a state is not a "person" under that section); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (determining that district court properly concluded that county prison is not a person within the meaning of section 1983); *Johnson v. Caputo*, No. 11-cv-2603, 2013 WL 2627064, at *5 (E.D. Pa. June 12, 2013) (dismissing section 1983 claim against Northampton County Prison because it is not a "person" subject to suit under section 1983). Accordingly, the court will dismiss with prejudice the second amended complaint insofar as it asserts claims against the Prison.

b.   The County's Motion to Dismiss

The County contends that, because a municipality may not be held liable under section 1983 for the constitutional torts of its employees, the court must dismiss the claims against it because the plaintiff has failed to set forth a cognizable *Monell* claim. County's Br. at 9-11. Additionally, the defendants argue that the plaintiff's injury does not rise to a constitutional

violation, and that the suit is barred by the Prison Litigation Reform Act ("PLRA") for failure to exhaust administrative remedies. *Id.* at 11-13.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 841 n.5 (1998)).

The plaintiff alleges that the County violated his Eighth Amendment rights when the "[d]efendants showed deliberate indifference to [his] serious medical needs." Second Am. Compl. at 13. Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.[10] *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

Under the Eighth Amendment, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

---

[10] The court notes that the Eighth Amendment only applies to individuals after the state has convicted them (through plea or trial). *See Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) ("[T]he Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'" (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)). When an individual is a pretrial detainee, the Fourteenth Amendment's substantive due process provision applies. *See Natale v. Camden Cnty. Corr. Fac.*, 318 F.3d 575, 581 (3d Cir. 2003) (analyzing pretrial detainee's claim of inadequate medical care under Fourteenth Amendment). It is unclear what the plaintiff's status was at the time of the accident, since he appears to have been a post-trial detainee with respect to the Florida criminal proceedings, but a pretrial detainee with respect to the Pennsylvania criminal proceedings. The court need not reach a conclusion regarding the plaintiff's status, however, as the due process clause provides at least the same protections as the Eighth Amendment in these types of cases (failure to provide appropriate medical care), and the Third Circuit has applied the same Eighth Amendment standard to pretrial detainee cases. *Id.* at 581-82. Therefore, the court will evaluate the plaintiff's claim for inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment. *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (explaining that in section 1983 action, the court must liberally construe a *pro se* litigant's pleadings and "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name'" (quoting *Holley v. Department of Vet. Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

under the Eighth Amendment*.*" *Id*. at 106. To survive a motion to dismiss, the allegations must show something more than medical malpractice; the acts or omissions must rise to the level of serious harm in order to demonstrate a violation of the plaintiff's Eighth or Fourteenth Amendment rights. *Id.* The law requires "'obduracy and wantonness,' which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

The plaintiff does not allege any facts that demonstrate that the County was deliberately indifferent to a serious illness or injury. Essentially, instead of alleging that he did not receive treatment, the plaintiff alleges that he is dissatisfied with the treatment he received. The plaintiff complained of pain after the accident, and he was evaluated once by a nurse and physician's assistant, and twice by the "head of medical." He was prescribed a pain medication, Naprosyn, to address his pain. Though, in his response to the motion to dismiss, the plaintiff alleges that he is still in pain from the accident, this does not rise to the level of recklessness or a conscious disregard of a serious risk. At most, he alleges that the County was negligent in treating his conditions, but this is not enough to stake out a constitutional violation.

Even if the court were to find that the plaintiff has pled facts sufficient to demonstrate a constitutional violation, he has not pled enough facts to establish that the County should be liable for the acts of its employees under *Monell*. "When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. 658). The second amended complaint does not allege that the County

had a policy or custom of displaying deliberate indifference to prisoners' serious medical needs. There are no facts upon which the court could draw an inference of such a policy, practice, or custom, because the second amended complaint only contains allegations of the County's treatment of the plaintiff, says nothing of the treatment of any other prisoners, and does not reference that the alleged mistreatment was part of a policy, practice or custom. The County may not be held liable solely because it employs persons who were deliberately indifferent to the plaintiff's medical needs. *See Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Therefore, the court finds that the plaintiff has failed to properly plead a constitutional violation and a *Monell* claim against the County. Under this disposition, the court need not address the County's argument that the plaintiff failed to exhaust his administrative remedies. Accordingly, the court will dismiss without prejudice the second amended complaint against the County.

### c. Liability of Prime Care and Prime Care Employees

In his amended complaint, the plaintiff added Prime Care as a defendant but replaced it with Prime Care Employees in his second amended complaint. Given the liberal pleading standard for *pro se* litigants, the court will assume that the plaintiff intended to include both Prime Care and Prime Care Employees as named defendants in the second amended complaint.[11] To date, neither Prime Care nor Prime Care Employees have been served, but, because the

---

[11] Presumably, the plaintiff has named Prime Care Employees generally instead of individual employees because he does not know the names of the Prime Care employees that he believes caused his injury. He notes in his opposition to the motions to dismiss that "[t]he prison [e]nvironment is not one in which staff members freely allow inmates to have certain staff member names." Pl.'s Response at 13. He explains that this is the reason he used "et al." in his caption. The court notes that while federal courts permit litigants to use fictitious names when the names or identities of the correct defendants are difficult to ascertain at the time the lawsuit is filed, the use of "et al." or "employees" generally is not sufficient. Nevertheless, because the plaintiff alleges facts regarding the medical treatment he received and the court is able to evaluate Prime Care Medical Employee's medical treatment of the plaintiff based on these allegations and determine, as discussed below, that there was no constitutional violation, the issue of the improperly named defendants is moot.

plaintiff brings this claim *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case *at any time*" if, among other reasons, the court finds that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). For the reasons set forth below, the court will dismiss without prejudice Prime Care and Prime Care Employees from this action.

The standard for dismissing a complaint for failure to state a claim pursuant to section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under section 1915(e)(2)(B)). Applying that standard here, the plaintiff has failed to allege an Eighth Amendment violation by Prime Care and Prime Care Employees for the same reasons that the court finds that the plaintiff has failed to allege one against the County: he has not alleged that Prime Care or any of its employees showed deliberate indifference to his serious medical needs. Nothing about the plaintiff's treatment from Prime Care's employees demonstrates recklessness or a conscious disregard of a serious risk.

The plaintiff also does not properly allege a *Monell* claim against Prime Care. Prime Care is apparently a third-party healthcare provider that provides medical services to inmates at the Prison. To find Prime Care liable under section 1983, Prime Care must have been acting under color of state law when it inflicted the alleged constitutional injury. *See West v. Atkins*, 487 U.S. 42, 49 (1988). "Private entities that contract with municipalities to provide services to prison inmates, as well as employees of those entities, are acting 'under color of state law.'" *Neuen v. PrimeCare Med., Inc.*, No. 09-CV-509, 2011 WL 1104118, at *8 (E.D. Pa. Mar. 24, 2011) (citing *West*, 487 U.S. at 53–58); *accord Laganella v. Don's & Son's Towing & Body*

*Shop*, No. 1:CV-11-1101, 2011 WL 7063643, at *23 (M.D. Pa. Oct. 11, 2011), *report and recommendation adopted sub nom.*, 2012 WL 162288 (M.D. Pa. Jan. 19, 2012); *Thomas v. Zinkel*, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001); *Miller v. Hoffman*, No. CIV. A. 97-7987, 1998 WL 404034, at *5 (E.D. Pa. July 7, 1998). As with the County, because Prime Care is a state actor, it cannot be held liable under a *respondeat superior* theory. *See Thomas*, 155 F. Supp. 2d at 412 (finding that the liability of third-party corporation acting under color of state law "must be based upon a . . . policy, practice, or custom that caused the injury"). As he failed to do with the County, the plaintiff has failed to allege that Prime Care's policy, practice, or custom caused his constitutional injury. Accordingly, the court will dismiss without prejudice the second amended complaint as asserted against Prime Care and Prime Care Employees.

### B. Request for Appointment of Counsel

In his response to the motion to dismiss, the plaintiff renews his request for the appointment of counsel. Federal courts may not compel lawyers to represent civil litigants in *in forma pauperis* actions brought pursuant to 28 U.S.C. § 1915. *Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). "Nevertheless, Congress has granted district courts statutory authority to 'request' appointed counsel for indigent civil litigants." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The United States District Court for the Eastern District of Pennsylvania has established a Prisoner Civil Rights Panel ("PCRP") where attorneys may offer representation to *pro se* litigants on a volunteer basis. The clerk of court's office maintains an extranet site that lists the prisoner civil rights actions for which judges have granted a request for appointment of counsel. Attorneys who are panel members have access to this site, and are responsible for regularly reviewing the extranet postings to decide whether to accept an order of appointment in a given case. If an attorney is willing to

undertake the requested representation, the litigant will be notified that an attorney has selected their case. By order dated May 28, 2014, the court referred the instant case to the PCRP, *see* Doc. No. 33, but to date, none of the volunteer attorneys have offered to represent the plaintiff in this matter. The court cannot designate an attorney for the plaintiff or command that an attorney represent him. Accordingly, the court is unaware of anything further that can be done to assist the plaintiff in obtaining legal assistance.

### C. Leave to Amend

As the court is dismissing the plaintiff's second amended complaint, the court must also address whether to provide him with leave to amend the second amended complaint. A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). The court has twice provided the plaintiff with leave to file an amended complaint after dismissing the original complaint and the amended complaint. Despite obtaining leave to amend, the plaintiff's claims in the second amended complaint are not supported by sufficient allegations to state plausible claims for relief. Nonetheless, as the plaintiff alleges that he suffered injuries as a result of the defendants' failure to provide him with adequate medical care, the court does not find that allowing him another opportunity to file an amended pleading would be inequitable or futile in this case. Any such third amended complaint shall be a complete, stand-alone document that sets forth the grounds on which the plaintiff is entitled to relief, and that does not simply refer to or incorporate the prior complaints; must follow the dictates of this opinion; and the plaintiff must not continue to assert claims against entities that are either immune from suit or that may not be held liable based on a theory of vicarious liability without properly alleging a *Monell* claim.

### III. CONCLUSION

After examining the allegations in the second amended complaint, the exhibits attached to the second amended complaint, and the parties' submissions, the court finds that the plaintiff has failed to set forth allegations establishing a cognizable claim against any of the defendants. Accordingly, the court will dismiss this action with prejudice as to the Prison, and without prejudice as to the County, Prime Care, and Prime Care Employees. The plaintiff may file a third amended complaint within 30 days as to only those claims that the court dismissed without prejudice.[12]

An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[12] If the plaintiff files a third amended complaint, he must identify all of the defendants in the caption of the third amended complaint, *see* Fed. R. Civ. P. 10(a), in addition to identifying them in the body of the third amended complaint, and must use fictitious names such as "John Doe" or "Jane Doe" if he does not yet know the names of any individual defendants. The use of "et al." is not permitted.